PEARL KNEIP, ADMINISTRATRIX, ETC., APPELLANT, v. NEW YORK AND LONG BRANCH RAILROAD COMPANY ET AL., RESPONDENTS.

Submitted October 29, 1925—Decided February 1, 1926.

1. The trial judge has a right to make comments on the testimony so long as he leaves the jury to determine the facts and draw their own conclusions therefrom.
2. A charge of the trial judge, in an accident case, at a grade crossing of a steam railroad, that "if you find that the flagman used reasonable care to warn the decedent, and the decedent went upon the crossing in question notwithstanding said warning, plaintiff cannot recover," is not error.
3. The charge of the trial judge should be read with and applied to the testimony in the record. A verdict will not be set aside for an error in the trial court's charge, which was not prejudicial to the appellant, the appellant cannot take advantage of it to reverse the judgment.

On appeal from the Supreme Court.

For the appellant, *William E. Holmwood.*

For the respondents, *John S. Applegate & Son.*

The opinion of the court was delivered by

BLACK, J.    This suit was brought to recover damages under the Death act. The plaintiff's intestate, Albert Kneip, was killed on the 7th of February, 1924, at a grade crossing of a public highway, known as Monroe avenue, in the city of Asbury Park. His automobile collided with a train of the Pennsylvania Railroad Company going south about seven-five P. M. The trial of the case resulted in a verdict for the defendants. The plaintiff's appeal is argued in the brief under two points, viz.—

First. The trial judge erred in the charge to the jury, in that by the charge the trial judge took from the jury the questions of fact whether the statutory signals were or were not given.

Second. There was error in charging the defendants' first and eighth requests.

As to the first point, there is no legal merit. The criticism aimed at the charge is rather hypercritical. The court clearly left to the jury the question of fact to determine, whether or not, by a preponderance of the evidence, either of the statutory signals was given. The trial judge has the right to make comments on the testimony so long as he leaves the jury to determine the facts and draw their own conclusions therefrom. *Merklinger* v. *Lambert,* 76 *N. J. L.* 806. Nor was it error to charge the defendants' first request, viz.: "If you find that the flagman used reasonable care to warn the decedent, and the decedent went upon the crossing in question notwithstanding said warning, plaintiff cannot recover."

The plaintiff cites the case of *New York, &c., Railroad Co.* v. *Randel,* 47 *N. J. L.* 144. That case is not applicable. It is said the instruction is faulty, because it overlooks the fact that the decedent may have been misled by the flagman's signal. But there is no evidence to that effect. It is nowhere suggested in the testimony that he was misled.

The eighth request should be read in connection with and applied to the undisputed testimony in the case.

James Camusco, the flagman at the Monroe avenue crossing, testified that he knew the deceased for fifteen years. He saw him at the crossing when the seven o'clock train was going north—saw him when he stopped. "*Q.* Will you state whether or not he did anything? What did he do, if anything? *A.* He is coming down on the east side above the seven o'clock train started from Asbury Park station to go to New York, and he stopped there. He was about ten feet back of me, right behind my back. After flagging the seven o'clock train, then I go to look on the southbound track, because the seven-five had got to come in; and he started at North Asbury Park; and I give the signal everybody crossing. Three or four cars was on the other side and two or three on this side, and Kneip can't start his car, and he got out of the car and looked in the motor, inside the motor, looked it

over. And the second time he looked it over the train come up; and I put a light on the front of his face. He looked and started the car, jumped in the car and come. And the train was about fifty feet from this other crossing. I hollered to him to stop. My God! He go and struck, that is all."

The trial judge charged the eighth request of the defendants, which is challenged as error, as a ground of reversal. It is as follows: "If you find the flagman was not negligent, then, though you find that no whistle was sounded and no bell rung on the train in question, it was the duty of decedent to look for an approaching train before attempting to cross, and if you find that the decedent, by the exercise of ordinary care, could have avoided the accident, the plaintiff cannot recover."

Without attempting to pass upon the legal accuracy of the propositions contained in this request, as abstract legal questions standing alone, whether accurate or faulty, it is sufficient to say that we find no reversible error in charging this request, when read with and applied to the undisputed testimony in the record. While it is true the whole charge must be looked at, it should, also, be read with and applied to the undisputed testimony in the record. When so read it was harmless, as it was favorable to the plaintiff. A verdict will not be set aside for an error in the trial court's charge, which was not prejudicial to the appellant; the appellant cannot take advantage of it to reverse the judgment. *Di Bennedetto* v. *Friedman, ante, p.* 161.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.